# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

ANDREW JACKSON,  )
                 )
   Plaintiff,    )
                 )
v.               )  Case No. CV607-079
                 )
BULLOCH COUNTY JAIL;                )
BULLOCH COUNTY SHERIFF'S            )
DEPARTMENT; CHIEF McDANIEL;         )
SHERIFF LYNN ANDERSON; LT.          )
WEST; LT. DANNY TREMBLE;            )
CAPTAIN HARRIS; OFFICER SISSY;      )
SGT. TREMBLE; TRANSPORT             )
OFFICER; SCREVEN COUNTY             )
SHERIFF'S DEPARTMENT; MRS.          )
INEZ; and OFFICER LAIRCEY;          )
                                    )
   Defendants.                      )

## REPORT AND RECOMMENDATION

On November 19, 2007, Andrew Jackson filed a complaint pursuant to § 1983. (Doc. 1.) In an order dated November 29, 2007, the Court granted his motion to proceed *in forma pauperis* and ordered him to submit a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust

Account form. (Doc. 3.) As Jackson has returned both forms, the case is ready to proceed. (Docs. 6-7.)

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening of any complaint in which the prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine Jackson's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

Jackson's complaint is virtually devoid of anything resembling a coherent claim for relief. The crux of his complaint is his allegation that he was denied medical attention for insomnia

and apparently associated "pain and suffering." (Doc. 1 at 5-6.) In addition to the lack of any detailed explanation of his medical problems, he fails to specify what relief he desires from defendants. (Id.)[1]

Jackson names the following defendants: (1) Bulloch County Jail, (2) Bulloch County Sheriff's Department, (3) Screven County Sheriff's Department, (4) Officer Sissy, (5) Sgt. Tremble, (6) an unnamed transport officer, (7) Captain Harris, (8) Lt. West, (9) Lt. Danny Tremble, (10) Sheriff Lynn Anderson, (11) Chief McDaniel, (12) Mrs. Inez, and (13) Officer Laircey. (Doc. 1 at 1, 4.) After a careful review of his complaint, it is apparent that Jackson has failed to state a claim for relief against any of the named defendants. Consequently, his complaint should be dismissed in its entirety.

---

[1] Jackson also claims that he fears being in the custody of Sheriff Mike Kile after filing a lawsuit against him, and that jail officials failed to acknowledge his fear, thus subjecting him to "double jeopardy." (Id. at 5.) Officials may not punish a prisoner in retaliation for exercising his right to file a lawsuit. Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985); see also Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). Jackson, however, does not claim that he has been retaliated against; he only fears that Sheriff Mike Kile might retaliate against him. Accordingly, Jackson's claims against Captain Harris, Lt. West, Lt. Tremble, Sheriff Lynn Anderson, and Chief McDaniel regarding their failure to acknowledge his *fear* of retaliation fail to state a claim for relief under § 1983.

The Bulloch County Jail, the Bulloch County Sheriff's Department, and the Screven County Sheriff's Department are not proper legal entities subject to suit. Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit). Accordingly, they should be dismissed as defendants.

Officer Sissy, Sgt. Tremble, and the unnamed transport officer are never once mentioned in the body of the complaint. (Doc. 1 at 5-6.) Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the

rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because Jackson has not provided any details regarding his claims against these defendants, he has failed to provide fair notice of the nature of his claims against them. Consequently, he has failed to state a claim as to these defendants. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (*sua sponte* dismissal for failure to state a claim pursuant to § 1915A(b)(1) involves the same standard as Fed. R. Civ. P. 12(b)(6)).

Jackson's claims against Captain Harris, Lt. West, Lt. Tremble, Sheriff Lynn Anderson, and Chief McDaniel likewise fail, as he has not alleged that these supervisory officials actually caused his injuries. Jackson alleges that he wrote a letter to "the capt., both Lts. and sheriff and cheif [sic]" and that "they did not acknowledge [his] medical complaint nor [his] fear of being in the custody of Sheriff Mike Kile . . . ." (Doc. 1 at 5.) Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S.

312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, Jackson must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam).

There are no allegations in the complaint that indicate that any of these defendants directly participated in the decision to ignore Jackson's sick call slips. Although they may have had notice of the alleged deprivation based on Jackson's letters, notice alone is insufficient to establish direct participation. To establish direct participation, a defendant must "draw the inference" that lack of treatment would place plaintiff in "a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994). There are no facts in the complaint indicating that these defendants recognized that jail officials were purposefully ignoring Jackson's sick call slips or even that he had serious medical need. Thus, the

facts alleged in the complaint do not establish that Jackson faced "a substantial risk of serious harm" sufficient to state an Eighth Amendment claim for denial of medical care. Id.; Estelle v. Gamble, 429 U.S. 97 (1976).

Absent direct participation, a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). At no point in the complaint is there any indication that these officials implemented such a policy or allowed one to continue. Consequently, Jackson's claims against them should be dismissed

Turning to the remaining defendants, Mrs. Inez and Officer Laircey, Jackson fails to state a claim against them for denial of necessary medical care, because he fails to allege that he had an objectively "serious" medical need. Estelle, 429 U.S. at 104 (allegation that prison officials exhibited deliberate indifference to a prisoner's serious medical needs states a claim for relief under § 1983).[2] The Eleventh Circuit has defined a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (citations omitted), overruled on other grounds, Hope v. Pelzer, 536 U.S. 730, 739 (2002). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted).

---

[2] It is not clear whether Jackson was a pretrial detainee or a convicted inmate awaiting assignment to a state prison at the time of the events alleged in his complaint. Plaintiff's custodial status is of no significance to the Court's analysis, however, for it is well settled that "the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner." Lancaster v. Moore County, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); Hamm v. DeKalb County, 774 F.2d 1567, 1572-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights.").

Insomnia does not normally qualify as a serious medical need. See Kirkland v. Dep't of Corrs., 2007 WL 4365330, at *4 (D.N.J. Dec. 11, 2007) (noting that insomnia is not a serious medical need); Wiley v. Blanco, 2007 WL 1747019, at *13 (E.D. La. June 15, 2007) (same); Smith v. Crose, 2006 WL 2591075, at *5 (D.N.J. Sept. 8, 2006) (same). His generalized allegations of "pain and suffering" likewise fail to establish that he suffers from any serious medical condition that would require treatment. Jackson does not provide the Court with any facts indicating that his insomnia or "pain and suffering" are so atypical or extreme that they could result in any sort of physical injury. Consequently, his complaint does not state a cognizable claim for relief.

In addition, even if the Court were to hold that Jackson's allegations amount to a serious medical need, he has failed to allege facts suggesting that Mrs. Inez or Officer Laircey acted with deliberate indifference toward that need. Jackson claims that Mrs. Inez of the Screven County Sheriff's Department told him "to get my family to get me some medcine [sic] and bring me and if they did not then they would bring me to the doctor." (Doc. 1 at 5.)

9

Inez, rather than acting with the "obdurancy or wantonness" characteristic of a successful claim of deliberate indifference, Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995), spoke with Jackson about his condition and promised to take him to the doctor if his family could not bring the medicines he needed. Accordingly, Jackson's complaint fails to establish that Inez acted with deliberate indifference to his medical needs.

Turning finally to Jackson's allegations against Officer Laircey, he states that while he was confined at the Screven County Jail, Laircey "told [him] that Bulloch County wanted to no [sic] the type of medication [he] was taking." (Doc. 1 at 5-6.) After Jackson informed Laircey that he was taking "Tylenol, Advil, B.C. Arthritis, Excedrine P.M., and home remedies," Laircey told him that he would bring him a sick call slip at dinner. (Id.) At dinner, when Jackson asked Laircey about the sick call slip, Laircey allegedly told him that "Bulloch County said that they did not want one from [him]." (Id. at 6.) Like Inez, Officer Laircey expressed concern for Jackson's medical problems. Laircey presumably asked Jackson what type of medication he was taking so that the medical staff

10

could gauge his need for medical treatment. Laircey's failure to give Jackson a Bulloch County sick call slip was apparently the result of the medical staff's conclusion that Jackson was not suffering from a serious medical need. As with Inez, Jackson fails to indicate any "obdurancy or wantonness" on the part of Laircey.

For the foregoing reasons, the Court should **DISMISS** plaintiff's complaint for failure to state a claim under § 1983.

**SO REPORTED AND RECOMMENDED** this 20th day of May, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA